## 28434. DOBSON v. MONK.

DECIDED OCTOBER 16, 1940.

*Matthews, Owens & Maddox,* for plaintiff.

*Alec Harris,* for defendant.

FELTON, J. H. H. Dobson sued W. C. Monk on a promissory note for $115. The defendant contended that he did not owe the note, because the consideration had totally failed, in that he had bought an automobile from the plaintiff by executing the note sued on and by assuming the payment of a balance due thereon, which he alleged the plaintiff represented to be $140, and that the plaintiff represented to him that plaintiff owed a finance company no past-due installments, and that no payment would have to be made to the finance company until thirty days after the purchase of the car by the defendant; that when he bought the car one installment of $25.38 was past due; that soon after the sale the plaintiff told the defendant he would have to have the car or a payment would have to be made to the finance company; that the plaintiff asked him to return the car to him at the home of the mother of the plaintiff; that he returned the car as requested, and that the finance company repossessed the car at that place; that the plaintiff wilfully misrepresented the fact of the past-due installment, and that defendant was induced thereby to give the note sued on. A motion by the plaintiff to dismiss the answer of the defendant was overruled, to which ruling the plaintiff excepted pendente lite. The jury found for the defendant. The plaintiff excepted to the overruling of his motion for new trial, and to the overruling of the motion to dismiss the answer.

1. The answer of the defendant was good as against general demurrer, because it alleged a rescission of the sale contract by an agreement consummated by the defendant.

2. The court erred in charging the jury as follows: "To support a plea of total failure of consideration in this case, it must be established by the evidence that the equity in the automobile purchased by the defendant was entirely worthless for any purpose, and

if he did not have an equity, or he could not use the equity, then that would not be a case in defense of the plaintiff," because there was no evidence that the plaintiff did not have an equity in the car, and because it was confusing and misleading in that it confused the issues of rescission by agreement and of total failure of consideration, and was ambiguous in that it is not clear whether the last clause authorized or forbade a finding for the defendant on the issue of total failure of consideration.

3. The following charge was error: "When the defendant executed and gave the plaintiff the note sued on, and if at the time thereof the plaintiff stated to the defendant that there was not any past-due payments on said car, and you find that from the evidence, and that there would not be a payment due for some thirty days, and you find that from the evidence, and that the defendant believed and acted upon that statement, if you find from the evidence there was a payment due that defendant didn't know about, then the defendant, if he so elected, could return the automobile to the plaintiff, and he could not be liable for that note," for the reason that the only valid defense set forth in the answer was that of rescission by an agreement and performance thereof by the defendant. There was no evidence that defendant tendered the car back to the plaintiff otherwise than in accordance with an alleged agreement on the part of the plaintiff to take it back. The defendant testified that the plaintiff agreed to take the car back, and that defendant left it at the plaintiff's mother's home as directed by the plaintiff, all of which plaintiff denied.

4. The fifth assignment of error is covered by division 2, supra.

5. The admission of testimony as to the misrepresentation as to the past-due installment, even if erroneous, a question which we do not decide, was harmless, because the only issue in the case was whether the sale contract had been rescinded by consent.

There is no merit in any other assignment of error. The court properly overruled the motion to dismiss the defendant's answer, but erred in overruling the plaintiff's motion for new trial.

*Judgment reversed in part and affirmed in part. Stephens, P. J., and Sutton, J., concur.*